# EXHIBIT A

Case No. CV-05-470

## IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA

Counter/Plaintiff **CAROL R. BARRETT** vs. Counter/Defendant U.S. Food Service, Inc, et al.

NOTICE TO: **Office of General Counsel, U.S. Food Service, Inc., 9755 Patuxent Woods Drive, Columbia, MD 21046**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY STEPHEN S. WELDON WHOSE ADDRESS IS P. O. BOX 780452, Tallassee, AL 36078.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

_____ TO ANY SHERIFF OR ANY PERSON AUTHORIZED by either rules 4.1 (b) (2) or 4.2 (b) (2) or 4.4 (b) (2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendant.

**XX** This service by **certified mail** of this summons is initiated upon the written request of STEPHEN S. WELDON pursuant to Rule 4.1 (c) of the Alabama Rules of Civil Procedure.

4-13-05   _Melissa Rittenour_   By: _RW_
Date      Clerk/Register

**RETURN OF SERVICE**

_____ Certified Mail return receipt received in this office on (Date) _____. (Return receipt hereto attached.)

_____ I certify that I personally delivered a copy of the Summons and Complaint to _____ in _____ County, Alabama on (Date) _____.

DATE _____              SERVER SIGNATURE _____

ADDRESS
OF SERVER _____

_____              TYPE OF PROCESS SERVER _____

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY,
AT MONTGOMERY, ALABAMA

| | |
|---|---|
| JACKSON HOSPITAL AND CLINIC<br>PLAINTIFF, | * <br> * <br> * |
| vs. | * <br> * |
| CAROL R. BARRETT<br>DEFENDANT/PLAINTIFF, | * <br> * <br> * |
| vs. | *    CASE NO. CV-05-470 <br> * |
| U.S. FOOD SERVICE, INC. and,<br>FICTITIOUS PARTY DEFENDANT A, B<br>and C, being the persons, firm,<br>association, partnership,<br>corporation or other legal entity<br>who committed the wrongful acts<br>complained of herein, whose name<br>or names are otherwise unknown to<br>the Plaintiff at this time but will<br>be substituted by amendment when<br>ascertained;<br>DEFENDANTS. | * <br> * <br> * <br> * <br> * |

## ANSWER AND THIRD PARTY COMPLAINT

COMES NOW Plaintiff, CAROL R. BARRETT, by and through her attorney, Stephen S. Weldon, in the above styled matter, and files this her Answer and Third Party Complaint as follows:

1. Plaintiff, Jackson Hospital and Clinic, has filed against Defendant, CAROL R. BARRETT, a Complaint, a copy of which is attached as Exhibit A.

2. If the Defendant, CAROL R. BARRETT, is liable to the Plaintiff on the occasion complained of in the Complaint, it is

liable because of and as hereinafter averred.

3. Defendant/Counter-Plaintiff CAROL R. BARRETT (sometimes hereinafter referred to as "Barrett") is an adult resident of Elmore County, Alabama.

4. Counter-Defendant U.S. FOOD SERVICE, INC. (sometimes hereinafter referred to as "U.S. FOOD") is an incorporated business based in the State of Maryland that does business in Montgomery County, Alabama, and whose agent for service of legal process is:

> Office of General Counsel
> U.S. Food Service, Inc.
> 9755 Patuxent Woods Drive
> Columbia, MD 21046

5. Fictitious Party Defendant A, B and/or C is the person, firm, corporation or other legal entity who committed the wrongful acts complained of herein whose name or names are otherwise unknown to the Plaintiff at this time but will be substituted by amendment when ascertained.

6. At all times pertinent to the allegations of this complaint, each Counter-Defendant acted by and through its duly authorized and appointed agents, servants, employees and/or legal representatives which agents, servants, employees and/or legal representatives acted within the line and scope of their agency, service, employment or representative capacity. In the alternative, each Counter-Defendant has adopted or affirmed the actions of its agents, servants, employees and/or legal representatives as its own with regard to the allegations of this

complaint.

7. At all times pertinent to the allegations of this complaint, each Counter-Defendant acted as the agent, servant, employee or legal representative of each other Counter-Defendant. Each Counter-Defendant acted within the line and scope of its agency, service, employment or representative capacity with each other Counter-Defendant. In the alternative, each Counter-Defendant has adopted and affirmed the actions of each other Counter-Defendant as its own with respect to the allegations of this lawsuit.

8. Barrett is the wife of U.S. Food Service, Inc. employee, Jimmy D. Barrett. She is covered by health insurance through his policy with U.S. Food Service, policy number USB422767288, group number 1900225-OA00.

9. On or about April 24, 2003, Barrett sought treatment with surgeon Randall G. Cook, M.D., P.C. for her then existing morbid obesity condition. There was some question as to whether the planned treatment procedure, Roux-en-Y Gastric Bypass, was covered under Barrett's policy. Cook's office made a pre-determination request of Care First Blue Cross Blue Shield, the Claims Administrator for U.S. Food, hereinafter referred to as "Care First".

10. Care First, as agent for U.S. Food, responded to the pre-determination request by letter detailing the specific criteria used for Barrett's contract to determine whether the procedure would be a covered benefit. Barrett was well qualified

under each of the three criteria specified therein. In reliance thereon, Cook informed Barrett that the procedure was a covered benefit and proceeded to make necessary arrangements with others, including, but not limited to, Jackson Hospital and Clinic, for the surgery to take place. The surgery was performed on August 11, 2003.

11. Soon after the surgery claims for benefits were made of U.S. Food. Same were denied. Barrett has since exhausted the administrative appeal process available to her and U.S. Food continues to deny benefits.

12. As a result of the wrongful acts complained of herein, Barrett was damaged. Her damage includes, but is not limited to, the following:

    a. She has suffered mental anguish, emotional distress, upset, insult and humiliation;

    b. She has incurred legal fees to defend collection actions against her, including this instant action.

    c. Her credit rating has been negatively impacted.

    d. She has been sued and judgment rendered against her for the collection of other debts related to the denial of benefits for the surgery.

## COUNT I
### (Fraud)

13. Counter-Plaintiff Barrett readopts and realleges all the allegations set forth in the above and forgoing paragraphs

and, in addition thereto, alleges that Counter-Defendants have committed acts of fraud as defined and proscribed by Section 6-5-100, *et seq* of the Code of Alabama, 1975.

14.   Barrett alleges that on or about July 7, 2003, Counter-Defendants misrepresented material facts willfully to deceive or recklessly without knowledge. In the alternative, Barrett alleges that Counter-Defendants misrepresented material facts by mistake or innocently. These misrepresented material facts were acted upon by Barrett to her detriment. These misrepresentations of material facts by Counter-Defendants to Barrett are the statements set forth in paragraph 10 above.

15.   Said statements were deceptive in that Barrett's good faith belief in their truth induced Barrett to undergo a surgery for which she could not personally pay.

16.   In reliance of said misrepresentations Plaintiff underwent surgery expecting that same, and related services would be covered under her insurance policy.

17.   Barrett alleges that Counter-Defendants willfully deceived her with intent to induce Barrett to alter her position to her injury or risk resulting in actual damages suffered by Barrett as proscribed by Section 6-5-104 of the Code of Alabama, 1975. The deceit of the Defendants consisted of either:

   a.   The suggestion as a fact of that which is not true by one that does not believe it to be true;

   b.   The assertion as a fact of that which is not true by one who has no reasonable grounds for believing it

to be true;

c.  The suppression of fact by one who is bound to disclose it or who gives information of other facts which are likely to mislead for lack of communications of that fact; or

d.  A promise made without any intention of performing it.

18.  Barrett alleges that Counter-Defendants suppressed from her certain material facts which Defendants were under an obligation to communicate to Barrett due to the confidential relations of the parties or from the facts of this particular case. One of the material facts which Counter-Defendants suppressed from Barrett include but are not limited to the following:

a.  That her gastric bypass surgery was in fact not a covered benefit under the applicable policy.

19.  The Counter-Defendants' wrongful conduct has caused Barrett to suffer and incur damages which include, but are not limited to those which are set forth in paragraph 12 above.

20.  The frauds described above constitute intentional misrepresentations, deceits, or concealment of material facts which the Counter-Defendants had a duty to disclose and which were gross, oppressive, or malicious and committed with the intent on the part of Counter-Defendants that Barrett rely thereon depriving Barrett of property or other legal rights and causing the injuries described above.

21.  Counter-Defendants' conduct was carried out with a reckless or conscious disregard for the rights and interest of Barrett. Counter-Defendants' wrongful conduct gives rise to a claim for punitive damages pursuant to Section 6-11-20, *et seq* of the Code of Alabama, 1975.

WHEREFORE, THE PREMISES CONSIDERED, Counter-Plaintiff Barrett demands judgment against Counter-Defendants for all compensatory and punitive damages recoverable at law, in an amount to be determined by a struck jury, said amount in excess of $10,000 plus interests and costs.

### COUNT II
### (Negligence)

23.  Plaintiff Barrett readopts and realleges all the allegations set forth in the above and forgoing paragraphs and, in addition thereto, alleges that Counter-Defendants were under a duty and obligation to properly, fully and completely explain and disclose to her, as a member of the U.S. Food Service Medical Plan, prior to her surgery, whether or not she was covered under her policy for the gastric bypass surgery described hereinabove.

24.  Counter-Defendants negligently breached this duty by failing to properly, fully and completely explain and disclose to her that her gastric bypass surgery was not covered under her policy.

25.  As a proximate result of the Counter-Defendants' conduct, Barrett was damaged as set forth in paragraph 12 above.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff Barrett

demands judgment against Counter-Defendants for all compensatory damages recoverable at law, in an amount to be determined by a struck jury, said amount in excess of $10,000 plus interests and costs.

## COUNT III

### (ERISA)

26. Plaintiff Barrett readopts and realleges all the allegations set forth in the above and forgoing paragraphs and, in addition thereto, alleges that Counter-Defendants have failed to provide benefits due her under the Employment Retirement Income Security Act (ERISA).

27.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff Barrett demands judgment against Counter-Defendants in an amount equal to any amount Plaintiff Jackson Hospital may recover from Barrett, plus interest and costs, and reimbursement for her attorney fees and expenses incurred in this action.

_____
STEPHEN S. WELDON (WEL033)

SCARBOROUGH & WELDON, LLC
Attorneys at Law
P. O. Box 780452
100 Executive Park Drive
Tallassee, Alabama 36078

Plaintiff demands a trial of the issues by a struck jury.

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served a copy of the foregoing on Hon. Mark Chambless, Attorney for Plaintiff, Jackson Hospital, P.O. Box 230759 Montgomery, AL 36123-0759, by placing same in the U. S. Mail, postage prepaid and properly addressed, this the 5th day of April_____, 2005.

*Stephen S. Weldon*
Stephen S. Weldon

A:\Third Party Complaint-Jackson v Barrett v BCBS et al.wpd

CV-05-470

| State of Alabama<br>Unified Judicial System<br><br>Form ARCivP-93   Rev. 5/99 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number<br>C V ☐☐☐☐ ☐☐☐☐ ☐<br>Date of Filing: ☐☐ ☐☐ ☐☐☐☐<br>Month Day Year   Judge Code: ☐☐☐☐☐ |

## GENERAL INFORMATION

IN THE CIRCUIT COURT OF  MONTGOMERY , ALABAMA
(Name of County)

JACKSON HOSPTIAL AND CLINIC  v.  CAROL R. BARRETT
Plaintiff                                          Defendant

First Plaintiff:  ☑ Business  ☐ Individual  ☐ Government  ☐ Other
First Defendant:  ☐ Business  ☑ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other: _____

**TORTS: PROPERTY INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Property

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Services

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☑ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN** (check one):
F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER: _____
R ☐ REMANDED             T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?**  ☐ YES  ☑ NO
Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P. for procedure)

**RELIEF REQUESTED:**  ☑ MONETARY AWARD REQUESTED   ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** CHA013    Date: F 6 18, 2005    Signature of Attorney/Party filing this form: [signature]

**MEDIATION REQUESTED:**  ☐ YES  ☑ NO  ☐ UNDECIDED

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CASE NUMBER: CV-05-470

CIVIL SUMMONS

PLAINTIFF     V     DEFENDANT(S)

JACKSON HOSPITAL AND CLINIC
1725 PINE STREET
MONTGOMERY AL 36106

CAROL R BARRETT
C/O STEVE WELDON, ESQ.
100 EXECUTIVE PARK DRIVE
TALLASSEE, AL 36078

D1

**SERVE BEFORE 4:00 P.M.**

NOTICE TO: CAROL R BARRETT,
THE VERIFIED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE VERIFIED COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY, CHAMBLESS ❖ MATH, P.C., WHOSE ADDRESS IS POST OFFICE BOX 230759, MONTGOMERY, AL 36117. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR COLLECTION PURPOSES.

THIS ANSWER MUST BE FILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT ARE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

__✓__ You are hereby commanded to serve this summons and a copy of the Verified Complaint in this action upon the Defendant.

_____ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date: __02/23/05__

_____ Certified Mail is requested.

_____ By: _____
Clerk/Register

_____
Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

_____ Return receipt of certified mail received in this office on _____.
_____ I certify that I personally delivered a copy of the Summons and Verified Complaint to _____ in _____ County, AL on _____.

_____
Date

_____
Server's Signature

_____
Address of Server

_____
Type of Process Server

62177.001

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY ALABAMA

JACKSON HOSPITAL AND CLINIC

    Plaintiff(s),

v.

CAROL R BARRETT

    Defendant(s).

CASE NO. CV-05-470

2005 FEB 22 PM

## COMPLAINT

### COUNT I

The Plaintiff(s) claims of the Defendant(s) CAROL R BARRETT the sum of $19082.00 due on account, stated on to-wit: 08/11/2003, plus interest of $2325.39 accrued through the date of filing and subsequent interest at the contract rate or 6.0000% until date of judgment.

WHEREFORE, Plaintiff(s) demands judgment against the Defendant(s) for the sum of $21407.39 plus interest and costs.

### COUNT II

The Plaintiff(s) claim of the Defendant(s) CAROL R BARRETT the sum of $19082.00 due for work and labor done for the Defendant(s) by the Plaintiff(s) to-wit: 08/11/2003 plus interest of $2325.39 accrued through the date of filing and subsequent interest at the contract rate or 6.0000% until date of judgment.

WHEREFORE, Plaintiff(s) demands judgment against the Defendant(s) for the sum of $21407.39 plus interest and costs.

### COUNT III

The Plaintiff(s) claims of the Defendant(s) CAROL R BARRETT the sum of $19082.00 together with interest thereon of $2325.39 accrued through the date of filing and subsequent interest at the contract rate or 6.0000% until date of judgment due by written contract made on 08/11/2003 and now past due.

FURTHER, Plaintiff(s) claims of the Defendant(s) the sum of $6360.67 as a reasonable attorney's fee which Defendant(s) agreed to pay by virtue of a clause contained in said contract.

WHEREFORE, Plaintiff(s) demands judgment against the Defendant(s) for the sum of $27768.06 plus interest and costs thereon.

Respectfully submitted this the ___ day of _____, 2005.

CHAMBLESS ❖ MATH, P.C.

_____
MARK N. CHAMBLESS (CHA013)
Attorney for Plaintiff

OF COUNSEL:
CHAMBLESS ❖ MATH, P.C.
Post Office Box 230759
Montgomery, Alabama 36123-0759
(334) 272-0344
62177.001

STATE OF ALABAMA )
COUNTY OF MONTGOMERY )

### AFFIDAVIT FOR STATEMENT OF ACCOUNT

Before me, the undersigned authority in and for said State and County, personally appeared the below named individual, who, being known to me and being by me first duly sworn, did depose and say on oath:

1. That my name is: <u>Rick Mann</u>

2. That my job position or title is: <u>Business Office Director</u>

3. That the full legal and mailing address of the creditor claimant is: <u>1725 Pine Street, Montgomery, Alabama 36106</u>

4. That the date on which I make this affidavit is: <u>January 11, 2005</u>

5. That I am affiliated with the creditor in the capacity indicated and as such I am authorized to make this affidavit; that I am familiar with the books and records of the creditor and that the statement of account annexed hereto and against:

   A. Name of debtor: <u>CAROL R BARRETT</u>

   B. In the sum of: <u>$19082.00 Dollars</u> is true, valid and correct as reflected upon creditor's books and records; that the charges are reasonable and customary; that the balance shown to be due thereon is due and unpaid; that I have actual and personal knowledge of the correctness of said account; and that the books, records, and accounts of said creditor are kept and maintained under my supervision and control; that the account debtor is not a member of the Armed Forces of the United States; and if this transaction is subject to the <u>Alabama Consumer Credit Act</u>, then I further state on information and belief that there has been no violation of said Act, and the debtor is believed to be a resident of this state.

JACKSON HOSPITAL AND CLINIC
1725 PINE STREET
MONTGOMERY, AL 36106
(Corporate Trade Name, if any)
d/b/a Jackson Hospital and Clinic, Inc.
BY: _____
    Its Business Director

SWORN TO AND SUBSCRIBED
before me this __19th__ day of
__January__, 2005.

_Lisa A. Maynard_
NOTARY PUBLIC
MY COMMISSION EXPIRES: 10/19/08



CONSENT FOR TREATMENT, RELEASE ~~ ~~~~~~~~~~~
PERSONAL PROPERTY RESPONSIBI ACCOUNT# 10566264  M/R # 10-93-47
MEDICARE PAYMENT AND FINAN BARRETT,CAROL R

JACKSON HOSPITAL & CL SEX - F  BORN 11/23/1953  F/C B PAT
1725 PINE STREET, MONTGOMER COOK,RANDALL G

**CONSENT FOR TREATMENT:** I, knowing that I (or the patient named on this Admission Record if the patient is unable to consent) am (is) suffering from a condition requiring diagnosis and medical surgical treatment do hereby voluntarily consent to such diagnostic procedures and hospital care and to such medical or x-ray treatment by the Attending Physician named on this Admission Record, his/her assistants or his/her designees as is necessary in his/her judgment.   Initials _CB_

I acknowledge and understand that in order to insure, to the greatest extent possible under current medical guidelines that there is not a transmission of blood borne diseases such as Hepatitis-B or Acquired Immune Deficiency Syndrome, that it may be necessary to draw and test my blood while I am a patient in Jackson Hospital & Clinic, Inc. ("Hospital"). Such action would be necessary should:
1. A health care worker be stuck by a needle while drawing my blood, or;
2. Should a health care worker sustain scalpel injury in the course of my treatment, or;
3. Should either I or any health care worker rendering care to me incur a parenteral or mucous membrane exposure to blood or other body fluids of one another

I therefore consent to have my blood drawn and tested. I further understand that my blood will not be routinely tested for diseases, and that the results of any testing will be kept strictly confidential.   Initials _CB_

I am aware that the practice of medicine and surgery is not an exact science and I acknowledge that no guarantees have been made to me as to the result of treatments or examination in the Hospital.   Initials _CB_

I hereby authorize the Hospital to retain, preserve and use for scientific or teaching purposes, or dispose of at their convenience, any specimens or tissues taken from my body during my hospitalization.   Initials _CB_

**RELEASE OF INFORMATION:** I hereby authorize the Hospital to disclose all or any part of my medical records for this period of hospitalization, including release of copies and completion of forms, to any person or corporation which may be liable under a contract to the Hospital, myself, a member of my family or my employer for all or part of the Hospital's charges, including, but not limited to, hospital or medical service companies, insurance companies, workmen's compensation carriers, welfare funds, or my employer; and to use and disclose my health information for treatment, payment, health care operations and to protect others.   Initials _CB_

**PERSONAL PROPERTY:** Patients are strongly urged to leave money and other valuables at home but may deposit such items with the Hospital Security Department for safekeeping. The Hospital will not be held responsible for damage to, loss or theft of any money, jewelry, documents or other personal property kept with a patient. This also applies to personal items such as dentures, eyeglasses and hearing aids. These items should be kept in a protective container when not in use and are, at all times, the responsibility of the patient.   Initials _CB_

**ASSIGNMENT OF INSURANCE BENEFITS.** In the event the patient is entitled to hospital or health benefits of any type because of any insurance policy insuring the patient or someone else who is responsible for paying the patient's hospital bills, the undersigned hereby agrees that these benefits can be paid directly to the Hospital and applied to the patient's bill. The patient and/or the undersigned are responsible for any portion of the Hospital's bill not paid by an insurance company.

**MEDICARE AND/OR CHAMPUS PAYMENT:** I certify that the information given the Hospital in applying for payment by the Medicare or Champus program is correct. I request that payment of authorized Medicare and Champus benefits be made either to me or in my behalf for any services furnished me by Jackson Hospital & Clinic, Inc., Montgomery, Alabama, including physician services. I authorize any holder of medical or other information about me to release to Health Care Financing Administration and/or Champus and its agents any information needed to determine these benefits for related services.   Initials _CB_

**FINANCIAL AGREEMENT:** The undersigned agrees, whether he/she signs as agent or as patient, that in consideration of the services to be rendered to the patient, he/she hereby individually obligates himself/herself to pay the amount charged by the Hospital in accordance with the regular rates and terms of payment to the Hospital. It is also agreed that in case of default of payment and if this account is placed in the hands of a collector or an attorney for collection, all collection fees, attorney's fees, costs and all other expenses will be paid by the undersigned. All parties hereon, whether maker or endorser, each for himself/herself waives notice of dishonor, demand and protest and consents to any extension of time the holder may grant.   Initials _CB_

**NOTICE OF PRIVACY PRACTICES:** I have received the Hospital's Notice of Privacy Practices.   Initials _CB_

This consent form has been fully explained to me and I certify that I understand its contents.

_8-4-03_                _Tracey Chars_              _Carol Barrett_
DATE                   WITNESS                    SIGNATURE OF PATIENT

_____   _____   _____
DATE             WITNESS                   SIGNATURE OF MAKER OR ENDORSER IF OTHER
                                           THAN PATIENT

If patient is unable to consent or is a minor, check and complete one of the following:

____ Patient is a minor _____ years of age _____

____ Patient is unable to consent because _____

_____   _____   _____
DATE             WITNESS                   CLOSEST RELATIVE OR LEGAL GUARDIAN

Form #C-50 (Rev 03/03)

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

CASE NUMBER: CV-05-470

CIVIL SUMMONS

| PLAINTIFF | V | DEFENDANT(S) |
|---|---|---|
| JACKSON HOSPITAL AND CLINIC<br>1725 PINE STREET<br>MONTGOMERY AL 36106 | | CAROL R BARRETT<br>C/O STEVE WELDON, ESQ.<br>100 EXECUTIVE PARK DRIVE<br>TALLASSEE, AL 36078 |

NOTICE TO: CAROL R BARRETT,

THE VERIFIED COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE VERIFIED COMPLAINT WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF OR PLAINTIFF'S ATTORNEY, CHAMBLESS ❖ MATH, P.C., WHOSE ADDRESS IS POST OFFICE BOX 230759, MONTGOMERY, AL 36117. THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR COLLECTION PURPOSES.

THIS ANSWER MUST BE FILED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT ARE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT.

TO ANY SHERIFF OR PERSON AUTHORIZED by the Alabama Rules of Civil Procedure:

__✓__ You are hereby commanded to serve this summons and a copy of the Verified Complaint in this action upon the Defendant.

_____ Service by certified mail of this summons is initiated upon the written request of _____ pursuant to the Alabama Rules of Civil Procedure.

Date: 02/23/05

_____ Certified Mail is requested.

Clerk/Register

By: _____

Plaintiff's/Attorney's Signature

RETURN ON SERVICE:

_____ Return receipt of certified mail received in this office on _____
__✓__ I certify that I personally delivered a copy of the Summons and Verified Complaint to _____ in Elmore County, AL on _____

3-2-05
Date

Server's Signature

Address of Server

DS
Type of Process Server

62177.001

FEB 2005

CHA013

SUMMONS - CIVIL

Case No. **CV-05-470**

**IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY, ALABAMA**

Counter/Plaintiff **CAROL R. BARRETT** vs. Counter/Defendant U.S. Food Service, Inc, et al.

NOTICE TO: **Office of General Counsel, U.S. Food Service, Inc., 9755 Patuxent Woods Drive, Columbia, MD 21046**

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO MAIL OR HAND DELIVER A COPY OF A WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT TO THE PLAINTIFF'S ATTORNEY STEPHEN S. WELDON WHOSE ADDRESS IS P. O. BOX 780452, Tallassee, AL 36078.

THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT WERE DELIVERED TO YOU OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. YOU MUST ALSO FILE THE ORIGINAL OF YOUR ANSWER WITH THE CLERK OF THIS COURT.

_____ **TO ANY SHERIFF OR ANY PERSON AUTHORIZED** by either rules 4.1 (b)(2) or 4.2 (b)(2) or 4.4 (b)(2) of the Alabama Rules of Civil Procedure: You are hereby commanded to serve this summons and a copy of the complaint in this action upon Defendant.

**XX** This service by **certified mail** of this summons is initiated upon the written request of STEPHEN S. WELDON pursuant to Rule 4.1 (c) of the Alabama Rules of Civil Procedure.

4-13-05           _[signature]_           By: _[signature]_
Date              Clerk/Register

**RETURN OF SERVICE**

_____ Certified Mail return receipt _____. (Re...

_____ I certify that I personally d... Complaint to _____ _____ County, Alabama on (D...

_____
DATE

ADDRESS
OF SERVER _____
_____

U.S. Postal Service
**CERTIFIED MAIL. RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | .83 |
| Certified Fee | | 2.30 |
| Return Receipt Fee (Endorsement Required) | | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 4.88 |

Postmark Here

Sent To US Food Service, Inc.
Street, Apt. No.; or PO Box No. 9755 Patuxent Woods Dr.
City, State, ZIP+4 Columbia, MD  21046

PS Form 3800, June 2002           See Reverse for Instructions

J-H

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Office of Gen[eral Counsel]
US Food Service, Inc
9755 Patuxent Woods Dr
Columbia MD 21046

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____ ☐ Agent ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
                                 4/20/05

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

CV 05-420

3. Service Type
☑ Certified Mail   ☐ Express Mail
☐ Registered       ☐ Return Receipt for Merchandise
☐ Insured Mail     ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label)
7005 0390 0003 9799 7314

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

P - Jackson Hospital
d - Carol R. Barrett