IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 MAY 13 A 9: 37

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| JACKSON HOSPITAL AND CLINIC, | ) |
| Plaintiff, | ) |
| v. | ) |
| CAROL R. BARRETT, | ) CASE NO. 2:05cv444-B |
| Defendant/Third-Party Plaintiff, | ) |
| v. | ) |
| U.S. FOOD SERVICE, INC., et al., | ) |
| Third-Party Defendant. | ) |

## ANSWER

**COMES NOW** the Third-Party Defendant, improperly designated by Third-Party Plaintiff as U.S. Food Service, Inc., more properly designated U.S. Foodservice, Inc., by and through the undersigned counsel of record in the above-styled cause of action, pursuant to the Federal Rules of Civil Procedure, and for answer to Third-Party Plaintiff's Third-Party Complaint states as follows:

### RESPONSE TO INDIVIDUAL AVERMENTS

1. Third-Party Defendant is without knowledge or information sufficient to form a belief about the truth of these averments, therefore they are denied.

2. The material allegations of this averment are denied and strict proof is demanded.

3. Third-Party Defendant is without knowledge or information sufficient to form a belief about the truth of these averments, therefore they are denied.

4. Third-Party Defendant admits it is a corporation incorporated in the State of Maryland, that does business in Montgomery County, Alabama.

5. Third-Party Defendant is without knowledge or information sufficient to form a belief about the truth of these averments, therefore they are denied.

6. The material allegations of this averment are denied and strict proof is demanded.

7. The material allegations of this averment are denied and strict proof is demanded.

8. Third-Party Defendant is without knowledge or information sufficient to form a belief about the truth of these averments, therefore they are denied.

9. Third-Party Defendant is without knowledge or information sufficient to form a belief about the truth of these averments, therefore they are denied.

10. The material allegations of this averment are denied and strict proof is demanded.

11. Third-Party Defendant is without knowledge or information sufficient to form a belief about the truth of these averments, therefore they are denied.

12. The material allegations of this averment are denied and strict proof is demanded.

## COUNT I

13. The material allegations of this averment are denied and strict proof is demanded.

14. The material allegations of this averment are denied and strict proof is demanded.

15. The material allegations of this averment are denied and strict proof is demanded.

16. The material allegations of this averment are denied and strict proof is demanded.

17. The material allegations of this averment are denied and strict proof is demanded.

18. The material allegations of this averment are denied and strict proof is demanded.

19. The material allegations of this averment are denied and strict proof is demanded.

20. The material allegations of this averment are denied and strict proof is demanded.

21. The material allegations of this averment are denied and strict proof is demanded.

## COUNT II

23. The material allegations of this averment are denied and strict proof is demanded.

24. The material allegations of this averment are denied and strict proof is demanded.

25. The material allegations of this averment are denied and strict proof is demanded.

## COUNT III

26. The material allegations of this averment are denied and strict proof is demanded.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

The Third-Party Defendant avers that it is not liable for the matters and things alleged in Third-Party Plaintiffs' complaint and demands strict proof thereof.

### SECOND DEFENSE

The Third-Party Defendant says that the Third-Party Plaintiff was negligent on said occasion, and said negligence proximately caused or contributed to cause her alleged injuries and damages.

### THIRD DEFENSE

For that on the occasion complained of Third-Party Plaintiff assumed the risk of her injuries with knowledge of the dangers involved in the act that she was performing at the time of the said injuries.

### FOURTH DEFENSE

Said Third-Party Defendant pleads the statute of limitations.

### FIFTH DEFENSE

Service of process was not properly or legally obtained on said Third-Party Defendant.

### SIXTH DEFENSE

Third-Party Plaintiff's claim for punitive damages violates the Third-Party Defendant's

constitutional rights under the Constitution of the United States of America and the Constitution of the State of Alabama.

## SEVENTH DEFENSE

The Third-Party Plaintiff, Carol R. Barrett, has stated a claim against Third-Party Defendant, U.S. Foodservice, Inc., for benefits under an employee benefit plan governed by 29 U.S.C. §§ 1001-1002 (also known as ERISA). Accordingly, the Third-Party Plaintiff's remedies and relief are governed by ERISA. The Third-Party Plaintiff's alleged damages, contract allegations and tort claims plead against the Third-Party Defendant are defensively preempted by provisions of the Employment Retirement Income Security Act (ERISA).

## EIGHTH DEFENSE

Third-Party Plaintiff's jury demand contained within the Third-Party Complaint is due to be stricken due to the ERISA preemption.

## NINTH DEFENSE

The Third-Party Defendant reserves the right to amend their Answer until all discovery is completed.

SMITH, SPIRES & PEDDY, P.C.
2015 SECOND AVENUE NORTH
SUITE 200
BIRMINGHAM, ALABAMA 35203
(205) 251-5885
(205) 251-8642

_____
Bryan Scott Tyra - TYRAB3992
Bar ID: TYR005
Attorney for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a true and correct copy of the above and foregoing upon the following counsel of record by placing a copy of same in the United States mail, postage prepaid and properly addressed on this the 12 day of May, 2005.

Stephen S. Weldon
Scarbrough & Weldon, LLC
P.O. Box 780452
100 Executive Park Drive
Tallassee, Alabama 36078

Mark N. Chambless
Chambless, Math, P.C.
P.O. Box 230759
Montgomery, Alabama 36123-0759

_____
Of Counsel